UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUSHKA AHMED,

                Plaintiff,

           -*against*-

POLICE OFFICERS OF 103 PRECINCT, JESS
DANNHAUSER, and ANDREA AGUIRRE,

                Defendants.

**ORDER**
23-cv-0554 (ER)

Ramos, D.J.:

      Bushka Ahmed, who resides in Queens County, brings this *pro se* action seeking the return of her minor child.[1] According to documents attached to the complaint, Ahmed's child was taken into the custody of the New York City Administration of Children's Services ("ACS"), following the filing of a neglect petition in Queens County Family Court. Ahmed brings her claims against: (1) the police officers who allegedly removed her child; (2) ACS Commissioner Jess Dannhauser; and (3) Andrea Aguirre, a Child Protective Specialist who filed the neglect petition on behalf of ACS. Ahmed filed this action on January 23, 2023, and paid the $402.00 in filing fees. Doc. 1.

      On January 17, 2023, Ahmed filed a substantially similar complaint against Commissioner Dannhauser and Aguirre, in the United States District Court for the Eastern District of New York. She also paid the filing fees in that case. *Ahmed v. Dannhauser*, No. 23 Civ. 0297 (EK)(LB).

---

[1] In the complaint, Ahmed included her minor son's full name and birthdate, in violation of Rule 5.2 of the Federal Rules of Civil Procedure. Accordingly, the Clerk of Court restricted electronic access to the complaint to the parties of the action.

For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03 Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003)); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under Section 1404(a), transfer is appropriate in this case because the underlying events occurred in Queens County, where Ahmed resided with her son, and it is reasonable to expect that this is where all relevant documents and witnesses are located. Moreover, because Ahmed has filed a substantially similar complaint in the Eastern District of New York before filing the instant action, *see Ahmed*, No. 23 Civ. 0297, that district is the favored forum to litigate this action, *see New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties

and issues, there is a strong presumption in favor of the forum of the first-filed suit). Finally, Ahmed's choice of forum is accorded less deference because Ahmed does not reside in a county within the Southern District of New York and the operative events did not occur within this District. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Accordingly, the Court transfers this action under Section 1404(a) to the United States District Court for the Eastern District of New York.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. The Clerk of Court is respectfully directed to close the case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 30, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J.